IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:24CR311 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER J. MACHAMER, | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | EMERGENCY MOTION FOR |
| | ) | EXTENSION OF TIME TO REPORT TO |
| | ) | CUSTODY |

Now comes the United States of America, by its counsel, David M. Toepfer, United States Attorney, and Peter E. Daly, Assistant United States Attorney, and submits its response in opposition to Defendants' Emergency Motion for Extension of Time to Report to Custody (ECF # 63: Emergency Motion, PageID 414-15).  For the following reasons, this Court should deny Defendant's motion.

I.      FACTS

On September 25, 2024, a grand jury for the United States District Court for the Northern District of Ohio returned a five-count indictment charging Defendant with Engaging in the Business of Manufacturing and Dealing Firearms Without a License, in violation of Title 26 U.S.C. §§ 5861(a) and 5871; Making of Firearms in Violation of the National Firearms Act, Title 26 U.S.C. §§ 5822, 5861(f), and 5871; Transfer of Unregistered Firearms, Title 26 U.S.C. §§ 5812, 5861(e), and 5871; Possession of Unregistered Firearms, Title 26 U.S.C. §§ 5841, 5861(d), and 5871; Possession of a Firearm with an Obliterated Serial Number, Title 26 U.S.C. §§ 5842, 5861(h), and 5871.  (ECF # 18: Indictment, PageID 45-48).  The charges in the

indictment arose from an investigation by the Federal Bureau of Investigation (FBI) and the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) of Defendant's manufacture and sale of short-barreled rifles[1] without a license.

On January 6, 2025, Defendant filed a motion to dismiss the indictment, alleging that the statutes under which he was charged are unconstitutional under the Second Amendment and the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  (ECF # 28: Mot. to Dismiss, PageID 78-85).  This Court denied Defendant's motion in an Order dated June 17, 2025, finding that because short-barrel rifles were "dangerous and unusual weapons," they fell outside the scope of the Second Amendment.  (ECF # 36: Order, PageID 137-49).

Defendant pled guilty to the indictment by plea agreement on September 17, 2025, reserving the right to appeal the Court's denial of his motion to dismiss the indictment.  (ECF # N/A: Minutes of Proceedings, 09/17/2025; ECF # 51: SEALED Plea Agreement, PageID 355). On March 11, 2026, the Court sentenced Defendant to a term of 65 months imprisonment, followed by three years of supervised release, and a fine of $10,000.  (ECF # 54: Judgment, PageID 369-75).  The Court permitted Defendant to self-report for the service of his prison sentence no earlier than July 1, 2026.  (*Id*., PageID 370).

On March 26, 2026, Defendant filed a notice of appeal from the Court's denial of his motion to dismiss.  (ECF # 56: Notice of Appeal, PageID 381).  Defendant's appellant brief is

---

[1]    The term "short-barreled rifle," as used herein, refers to a firearm that is a rifle with a barrel less than 16 inches in length and/or a modified rifle, which has a total length of less than 26 inches.  Pursuant to 26 U.S.C. § 5861(d), it is illegal for any person to receive or possess a short-barreled rifle which is not registered to him or her in the National Firearms Registration and Transfer Record.  Pursuant to 26 U.S.C. § 5861(e), it is illegal for any person to transfer such a weapon without properly registering it in the National Firearms Registration and Transfer Record.

currently due on July 6, 2026.  (Appeal No. 26-3244 ECF # 10: Ruling Letter, Page 1).  On May 22, 2026, Defendant filed a Motion to Stay Execution of Sentence Pending Appeal, in which he asked this Court to stay his July 1, 2026, report date pending the outcome of his appeal.  (ECF # 59: Motion to Stay, PageID 385-94).  This Court denied that motion on June 22, 2026. (ECF # 62: Order, PageID 408-13).

Four days later, on June 26, 2026, Defendant filed the instant Emergency Motion, seeking virtually the same relief – the delay of his reporting to serve the prison sentence imposed by this Court – pending a ruling by the Sixth Circuit on his motion for bond pending appeal in that Court.  (ECF # 63: Emergency Motion, PageID 414-15).  Because Defendant has failed to provide any new basis upon which this Court could find that his motion for bond before the Sixth Circuit will fare any better than the motion to stay execution of sentence that this Court just denied, the instant Emergency Motion should be denied.

## II.    LAW AND ARGUMENT

The Bail Reform Act of 1984 "creates a presumption against release pending appeal." *United States v. Myers*, 2019WL7425387 *5 (6th Cir. 2019) (quoting *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002)).  To overcome that presumption, a defendant seeking a stay of his sentence must demonstrate both (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, and (2) "that his appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a prison term, or a sentence of a prison term less than the time he has served plus the expected duration of the appeal." *United States v. Mullet*, 2013 WL 8367565, *1 (6th Cir. 2013) (citing 18 U.S.C. § 3143(b)(1)).

In its June 22, 2026, Order denying Defendant's Motion to Stay Execution of Sentence, this Court found that Defendant had failed to satisfy the second requirement for release pending appeal under the Bail Reform Act – to show that his appeal "raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a prison term, or a sentence of a prison term less than the time he has served plus the expected duration of the appeal." *Id*.; (ECF # 62: Order, PageID 411-13).  Rejecting Defendant's arguments about the constitutionality of the National Firearms Act (NFA) and its application to Defendant's manufacturing and possessing short-barrel rifles, the Court found both that "[i]t cannot seriously be disputed that the NFA was constitutional at the time Defendant took the actions, which resulted in the charges to which he pleaded guilty," and that "Defendant is highly unlikely to prevail on his argument" that short-barrel rifles are not "dangerous or unusual" weapons.  (*Id*.). This Court concluded, "In sum, Defendant has failed to present the Court with a substantial question of law, and leaves in place the presumption against release pending appeal."  (*Id*., PageID 413).

In order to succeed on his motion for bond before the Sixth Circuit, Defendant would have to make the same showings that he failed to make before this Court.  Thus, for this Court to grant the instant Emergency Motion, it would have to find that Defendant is likely to fare better before the Sixth Circuit than he did here.  But the motion Defendant filed in the Sixth Circuit is virtually identical to the motion that this Court denied, and it raises no new or additional facts or arguments.  *See* (Appeal No. 26-3244 ECF # 12: Motion for Release). Therefore, while Defendant captions the instant motion as one seeking an extension of time to report for service of his sentence, the practical effect is actually a motion for reconsideration of this Court's denial of

his previous motion.  Moreover, between this Court and the Sixth Circuit, it is the third virtually identical motion Defendant has filed seeking the same relief under different names.

The Federal Rules of Criminal Procedure do not specifically permit motions to reconsider.  The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").  Such motions "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

This Court committed no clear error of law.  Defendant's Emergency Motion cites no contrary legal authority in response to this Court's June 22, 2026, Order.  In fact, it cites no legal authority at all.  The motion offers no newly discovered evidence or change in controlling law. The only conceivable basis for granting his motion for reconsideration, therefore, would be a demonstration of manifest injustice.  Though Defendant claims he would suffer "irreparable harm," he never states what that harm is or how it would constitute a manifest injustice.

The United States addressed the merits of Defendant's claims in its Response in Opposition to Defendant's Motion to Stay Execution of Sentence Pending Appeal, which the government now incorporates here by reference. *See* (ECF # 60: Response, PageID 395-401). In the instant motion, Defendant offers no basis upon which to find that the Sixth Circuit will rule any differently on those claims than this Court did.  In fact, as this Court noted in its Order, on the issue of whether short-barrel rifles are "dangerous or unusual" weapons, the Sixth Circuit

has already spoken in a manner that does not suggest Defendant's argument will be well-taken on appeal.  *See United States v. Brooks,* 2025WL2939404 *2-3 (6th Cir. 2025).

Having failed to show a clear error of law, newly discovered evidence, an intervening change in law, or the potential for manifest injustice, Defendant is not entitled to reconsideration of his earlier motion, no matter how he captions the instant one.

## III.  CONCLUSION

Based upon the foregoing, the United States asks this Court to deny Defendant's Emergency Motion for Extension of Time to Report to Custody.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:  /s/ Peter E. Daly
Peter E. Daly (OH: 0084745)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0529
(330) 375-5492 (facsimile)
Peter.Daly@usdoj.gov